# Gifts Received on Official Travel

Gifts given to United States employees by a Japanese government agency may be retained consistent with 5 U.S.C. § 7342 and implementing regulations if the items are worth less than $140. More valuable gifts must be deposited with the employing agency.

Gifts from private Japanese organizations are governed by 19 U.S.C. § 209(a). That statute, as consistently construed by the Department of Justice, makes it a crime to receive items of any value given as additional compensation for performing government service. The gifts from private Japanese organizations appear to have been given as a result of the federal employee's official duties, and may not be accepted under § 209(a), and pursuant to the statute, must be returned to their donors.

In addition, Department of Justice conflict-of-interest regulations would independently prohibit acceptance of these gifts if the donors have litigation or financial business with the Department.

June 15, 1984

MEMORANDUM OPINION FOR THE CHIEF,
FOREIGN COMMERCE SECTION, ANTITRUST DIVISION

An employee of the Antitrust Division requested an opinion on the Department's policy regarding disposition of gifts recently received by certain government employees while attending official bilateral antitrust consultations in Japan. We understand the facts to be as follows: Eight employees (four from the Department of Justice and four from the Federal Trade Commission) each were given either a leather wallet or a case for eyeglasses of unknown value by the Japan Fair Trade Commission, a government agency. In addition, each was given a small tape recorder, valued at approximately $120, by the Corporation A in Japan while on a tour of that company's plant. Finally, a regional association of private Japanese manufacturers gave each employee a small item of pearl jewelry, ranging in value from $56 to $78.

The gifts from the Government of Japan are regulated by 5 U.S.C. § 7342, which permits the acceptance and retention by an employee of a gift from a foreign government if the gift is "of minimal value tendered and received as a souvenir or mark of courtesy." 5 U.S.C. § 7342(c)(1)(A); *see* 28 C.F.R. § 45.735–14(d) (1983). "Minimal value," which the statute directs to be determined administratively, is defined, as of 1983, to mean a retail value in the United States of $140 or less. 41 C.F.R. § 101–49.001–5 (1983). Therefore, if the leather item tendered to each employee by the Japanese Government is worth $140 or less, it may be retained. If it is worth more than $140, the statute and

143

regulations provide a procedure for depositing the gift with the employing agency for disposal or official use.[1] 5 U.S.C. § 7342(c)(2); 41 C.F.R. §§ 101–49.101 *et seq.*

Retention of the gifts given by private organizations — the tape recorders and pearl jewelry — is not covered by the foreign gifts statute because those items were not given by representatives of a foreign government. With respect to these gifts, we believe there is a serious problem under 18 U.S.C. § 209(a), which makes it a crime, with certain exceptions not here relevant, to give or receive "any salary, or contribution to or supplementation of salary, as compensation for" the recipient's services to the federal government. Because the statute has no exception for items of minimal value, the dispositive issue in a § 209 inquiry is whether a gift is offered on account of the recipient's performance of official duties. This Department has consistently construed § 209(a) and its predecessor, 18 U.S.C. § 1914, to forbid only payments intended to serve as additional compensation to an individual for undertaking or performing government service. *See* 41 Op. Att'y Gen. 217, 221 (1955); 39 Op. Att'y Gen. 501, 503 (1940). In addition to the express statutory exceptions to § 209(a), we have recognized implicit exceptions for commemorative awards for public service. We have opined that such awards are permissible primarily because the grantors are typically detached from and disinterested in the performance of the public official's duties. Consequently these gifts do not tend to give rise to the divided loyalty or dependence on outside remuneration that § 209 was designed to prevent.

From the facts outlined above, it appears clear to us that the gifts in question were given under circumstances which were the result of the federal employees' participation in meetings with Japanese representatives, an aspect of their official duty as government employees. Furthermore, they do not appear to be motivated by a disinterested desire to honor distinguished public service. Thus we believe § 209(a) prohibits the employees' acceptance of the gifts which were tendered by private donors.

In addition, the Department's gift regulation, 28 C.F.R. § 45.735–14, would independently prohibit acceptance of these gifts on conflict-of-interest grounds if the donors have the requisite litigation or financial business with the Department. That regulation provides that a Department employee may not accept any gift from a "person" who

> (1) Has, or is seeking to obtain, contractual or other business or financial relations with the Department;

> (2) Conducts operations or activities that are regulated by the Department;

> (3) Is engaged, either as principal or attorney, in proceedings before the Departmental [sic] or in court proceedings in which the United States is an adverse party; or

[1] Additionally, those employees required to file annual public financial disclosure reports must report this gift if its value meets or exceeds $100. 5 C.F.R. § 734.301(c)

144

> (4) Has interests that may be substantially affected by the performance or nonperformance of the employee's official duty.

28 C.F.R. § 45.735–14(a) (1983).[2]

We do not have sufficient information to determine with certainty whether either Corporation A or the trade association would fall into one of these categories. However, it is clear that the regulations define the term "person" broadly enough to encompass both of these entities. *See* 28 C.F.R. § 45.735–3(e) (1983) ("'Person' means an individual, a corporation, a company, an association, a firm, a partnership, a society, a joint stock company, or any other organization or institution"). Thus, if either entity conducts business that would classify it as one of the prohibited donors, the regulation would proscribe acceptance of gifts from that entity by Department of Justice employees.[3]

We understand that these gifts have already been accepted and have been transported to the United States via official pouch for appropriate disposition. Unlike the foreign gifts statute, however, § 209 contains no provision for depositing prohibited gifts with the United States. Under § 209(a), it is the mere acceptance of such items that constitutes a crime. Further, even if the gifts were treated as gifts to the agencies themselves, the Department of Justice could not accept them because it does not have gift authority. We must advise, therefore, that the gifts donated by non-governmental entities be returned to their donors, to effect compliance with the statute.

RALPH W. TARR
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] The Federal Trade Commission has a similar regulation prohibiting gifts from persons having business with that Commission. *See* 16 C.F.R. § 5.11 (1984).

[3] The gifts by the Japanese Government are exempted from the regulatory prohibition if they conform to the requirements of the foreign gifts statute, discussed above. 28 C.F.R. § 735–14(d) (1983).